**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| JESSICA MYER,<br><br>    Plaintiff,<br><br>v.<br><br>SPARTANNASH ASSOCIATES, LLC<br>and HECTOR VASQUEZ,<br><br>    Defendants. | CIVIL ACTION NUMBER:<br>_____<br><br>STATE CIVIL ACTION<br>NO. SU-20-CV1403<br>(MUSCOGEE COUNTY SUPERIOR<br>COURT) |

**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants SpartanNash Associates, LLC ("SpartanNash") and Hector Vazquez Cruz ("Vazquez"), whose name is misspelled in the case caption, in the above-styled case give notice that this case is removed from the Superior Court of Muscogee County, Georgia, to the United States District Court for the Middle District of Georgia, Columbus Division, on the following grounds:

1.    This notice is filed on behalf of Defendants in the above-styled case and all Defendants agree to this removal.

2.    This action was filed in the Superior Court of Muscogee County, Georgia as Civil Action No. SU-20-CV1403 on July 24, 2020, signed by attorney Adeash "A.J." Lakraj.

3.    A copy of the filed Complaint for Damages ("Complaint"), Notice of Service of Process, and Summons are attached as Exhibit A, B, and C, respectively.

4.    SpartanNash was served with the Complaint on August 21, 2020.

5.    Vazquez was served with the Complaint on August 19, 2020.

6. This notice of removal is timely filed, and this action is properly removable under both Federal Question and Diversity Jurisdiction.

7. This action is a civil suit that contains allegations related to violation of Title VII of the Civil Rights Act of 1964 ("Title VII") for sexual harassment, retaliation, and/or hostile work environment sexual harassment. (Complaint at ¶¶ 23-31). Plaintiff alleges that the sexual harassment she experienced was "severe or pervasive, altering the terms and conditions of [her] employment" and that Defendant "purports to provide a legitimate non-discriminatory reasons for the adverse action, [but] this reason is a pre[]text." (Complaint at ¶¶ 23-31). Her mere failure to use the magic words "Title VII" are insufficient to avoid federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Williams v. E. R. Snell Contractor, Inc.*, No. 1:05-CV-1673-JTC, 2006 WL 8432643, at *2, *3 (N.D. Ga. Feb. 10, 2006), *report and recommendation adopted*, No. 1:05-CV-1673-JTC, 2006 WL 8432439 (N.D. Ga. Mar. 8, 2006) (holding that removal was proper where Plaintiff's state court suit "alleged gender discrimination without reference to a statute" because Plaintiff's sexual harassment claim appeared to be a Title VII claim despite remanding for unrelated reasons). "[A] a plaintiff may not defeat removal by engaging in 'artful pleading,' or omitting to plead necessary federal questions." *Dufel v. Stirewalt*, No. CV 214-73, 2015 WL 1202305, at *2 (S.D. Ga. Mar. 16, 2015); *Beshears v. Kia of Augusta*, No. CV 115-029, 2015 WL 3606057, at *3 (S.D. Ga. June 8, 2015) ("[Plaintiff's] sexual harassment claim clearly falls under federal law. In Georgia, there is no state law cause of action for sexual harassment.").

8. This Court has original jurisdiction under 28 U.S.C. § 1331, since federal question jurisdiction is established when the face of a complaint asserts a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because the face of Plaintiff's Complaint alleges possible

violation of Title VII for sexual harassment, retaliation, and/or hostile work environment sexual harassment, this Court has original jurisdiction. (Complaint at ¶¶ 23-31).

9.      This Court has supplemental jurisdiction over Plaintiff's other state law claims under 28 U.S.C. § 1367(a).

10.      The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that but for the fraudulent joinder of Vazquez, there is complete diversity among the Parties and the Parties are not residents of the same State, and Plaintiff has alleged an amount in excess of $75,000.00, therefore the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

a.  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

b.  "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the factfinder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to

3

recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

    c. Plaintiff has not alleged a specific dollar figure in her complaint. However, Plaintiff has alleged punitive damages and intentional acts, which under Georgia law may be awarded in excess of $250,000.00. In her claim for damages, Plaintiff also seeks compensatory damages, general damages for mental and emotional suffering, special damages and/or liquidated damages for lost wages, benefits, and prejudgment interest, as well as attorney fees and litigation costs. (Complaint at 12-13.)

11. Upon information and belief, Plaintiff is an individual residing in and a citizen of the State of Georgia.

12. Defendant SpartanNash Associates, LLC is now, and at the time of the filing of the Complaint, a Michigan Limited Liability Company, with its principal place of business in Michigan.

13. Defendant Vazquez has been fraudulently joined because "there is no possibility that the Plaintiff can establish a cause of action against the resident defendant..." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Here, all of Plaintiff's claims are directed at SpartanNash, not Vazquez. (See Complaint at ¶¶ 23-31 (SpartanNash allegedly created a hostile work environment for sexual harassment); ¶¶ 32-36 (claiming SpartanNash negligently failed to prevent Vazquez's alleged sexual harassment); ¶¶ 38-41 (alleging SpartanNash negligently hired, retained, and supervised Vazquez); ¶¶ 43-47 (alleging SpartanNash allowed Plaintiff to be

harassed by Vazquez causing her emotional distress); ¶¶ 49-51 (SpartanNash allegedly had knowledge of Vazquez's conduct and ratified it by failing to prevent it); ¶¶ 53-55 (claiming SpartanNash made a promise to prohibit sexual harassment and Plaintiff relied on it to her detriment); ¶¶ 57-67 (stating SpartanNash assumed a duty to Plaintiff to protect her from sexual harassment in the workplace and it failed to do so); ¶¶ 69-73 (SpartanNash purportedly failed to protect Plaintiff from Vazquez's invasion of her privacy). There is no request for relief from Vazquez in any of the causes of actions brought by Plaintiff. Plaintiff has pled multiple causes of actions against SpartanNash and simply appended Vasquez to the style in a naked attempt to destroy diversity jurisdiction. This is apparent because Vazquez is not identified or described in the "Parties" section of Plaintiff's Complaint and because, other than in the introductory paragraph to Plaintiff's Complaint, the word "defendant" is singular throughout the Complaint and always refers to SpartanNash.

14.    Under 28 U.S.C. §90(b)(3), the United State District Court for the Middle District of Georgia, Columbus Division, has jurisdiction over this action and is the district court with venue over the geographical area in which the state court action is pending.

15.    By filing this Notice of Removal, Defendants do not waive any defense(s) that may be available to them, including, without limitation, those related to service, service of process, the sufficiency of process, venue or jurisdiction, improperly named parties and failure to state a claim, and Defendants specifically reserve the right to assert any defenses or objections to which they may be entitled.

16.    A true and correct copy of this Joint Notice of Removal is being filed with the State Court of Muscogee County, Georgia, as required by 28 U.S.C. § 1446.

Respectfully submitted this 17th day of September 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*

SEAN B. COX
Georgia Bar No. 664108
ALLISON AVERBUCH
Georgia Bar No. 275988
*Attorneys for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| JESSICA MYER, | CIVIL ACTION NUMBER: |
|     Plaintiff, | _____ |
| v. | |
| SPARTANNASH ASSOCIATES, LLC and HECTOR VASQUEZ, | STATE CIVIL ACTION NO. SU-20-CV1403 (MUSCOGEE COUNTY SUPERIOR COURT) |
|     Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** upon

all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to

counsel of record as follows and/or filing said document with CM/ECF system which will

automatically send electronic notification to the following:

Adeash "A.J." Lakraj
MORGAN & MORGAN, PA
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303

Respectfully submitted this 17th day of September 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
SEAN B. COX
Georgia Bar No. 664108
ALLISON AVERBUCH
Georgia Bar No. 275988
*Attorneys for Defendants*

2

191 Peachtree Street, NE
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
scox@hallboothsmith.com
aaverbuch@hallboothsmith.com

69619616-1

2